UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARCO WATTS,

    Plaintiff,

v.                                              **JURY TRIAL DEMANDED**

BELLA MIA, INC., a Florida for-profit corporation d/b/a PINK PONY, GALARDI SOUTH ENTERPRISES, INC., a Georgia for-profit corporation, GALARDI SOUTH ENTERPRISES CONSULTING, INC., a Georgia for-profit corporation, and TERI GALARDI, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MARCO WATTS, ("WATTS"), by and through his undersigned attorney, file this, his Complaint for Damages against Defendants, BELLA MIA, INC., a Florida corporation d/b/a PINK PONY, (hereinafter "BELLA MIA"), GALARDI SOUTH ENTERPRISES, INC., a Georgia for-profit corporation, (hereinafter "GSE"), GALARDI SOUTH ENTERPRISES CONSULTING, INC., a Georgia for-profit corporation, (hereinafter "GSEC"), and TERI GALARDI, an individual (hereinafter "T. GALARDI"), and states as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages and to redress the deprivation of rights secured to Plaintiff by the Fair Labor

Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA), the Florida Constitution and Section 448.110 of the Florida Statutes.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, BELLA MIA, GSE, and GSEC were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operate exotic dance clubs which serve food and beverages. Plaintiff's work as a disc jockey at the Defendants' club in Doral, Florida, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, that were used commercially in Defendants' businesses, and moved in interstate commerce

4. The Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the personal jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the personal jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be corporations and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, WATTS was and continues to be a resident of Miami Beach, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA and the Florida Constitution.

9. At all times material hereto, Defendants were conducting business in Miami, Miami-Dade County, Florida, with their principal place of business in Doral, Florida.

10. At all times material hereto, Defendants were the employers of Plaintiff, WATTS

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the Florida Constitution.

12. During Plaintiff's employment, he received no wages whatsoever from the Defendants. Moreover, during the Plaintiff's employment, he was required to pay funds to the Defendants and their manager, respectively, for being able to work at the Defendants' club.

13. The Defendants paid Plaintiff below the minimum wage.

14. At all times material hereto, Defendants knowingly, maliciously and willfully failed to pay WATTS his lawfully earned wages in conformance with the FLSA and applicable Florida law.

15. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are personally liable for monetary damages.

16. At all times material hereto, BELLA MIA, GSE, and GSEC were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, Defendant, T. GALARDI was involved in the day-to-day operations of the Defendant companies, as well as issues involving employee compensation.

18. At all times material hereto, the work performed by Plaintiff, WATTS was directly essential to the businesses performed by the Defendants.

19. Plaintiff, WATTS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

20. In or about 2008 the Plaintiff was hired by the Defendants as a disc jockey at the Defendants' strip club. His employment terminated on or about November 4, 2014.

21. Plaintiff was paid nothing for his work hours, and therefore, was paid below the applicable minimum wage.  As the Plaintiff worked in excess of 40 hours per week in some weeks, he was also not paid overtime wages in conformance with the FLSA.

22. Defendants knowingly, willfully and maliciously operated their businesses with a policy of not paying wages in conformance with the FLSA, the Florida Constitution and Section 448.110 Florida Statutes, to the Plaintiff.

23. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, WATTS, repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, WATT's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff's employment, Plaintiff, WATTS worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

27. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, WATTS, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiff, WATTS of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## **VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

34. Plaintiff re-alleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

35. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

36. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

37. Plaintiff worked hours for the Defendants for which he was paid Plaintiff nothing for his work hours.

38. Defendants' violation of the FLSA concerning payment of minimum wages was willful.

39. Defendants knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. recoupment of Plaintiff's tips;

e. post-judgment interest; and

f.	all other and further relief this Court deems to be just and proper.

## COUNT III

### **VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT) AND SECTION 448.110 FLORIDA STAUTES**

41. Plaintiff realleges Paragraphs 1 through 23 as if fully stated herein.

42. Pursuant to Article X, Section 24 of the Florida Constitution, and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

43. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for his work hours.

44. The Defendants acted willfully in violating Florida law.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a.	Declaring that Defendants violated Article X of the Florida Constitution and Section 448.110, insofar as failing to pay Plaintiff at or above the minimum wage;

b.	Awarding Plaintiff all back wages due and owing;

c.	Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d.	Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.	Awarding Plaintiff the recoupment of Plaintiff's tips;

e.	Awarding Plaintiff prejudgment and post-judgment interest;

f.  Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g.  Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h.  Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: December 5, 2014.

> Respectfully submitted,
>
> BOBER & BOBER, P.A.
> Attorneys for Plaintiff
> 1930 Tyler Street
> Hollywood, FL 33020
> Phone: (954) 922-2298
> Fax: (954) 922-5455
> peter@boberlaw.com
> samara@boberlaw.com
>
> By:  s/.  Peter Bober
>     PETER BOBER
>     FBN: 0122955
>     SAMARA ROBBINS BOBER
>     FBN:  0156248