UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**MARCO WATTS,**

      **Plaintiff,**

v.

**BELLA MIA, INC.,** a Florida for-profit Corporation d/b/a PINK PONY, **GALARDI SOUTH ENTERPRISES, INC.,** a Georgia for-profit corporation, **GALARDI SOUTH ENTERPRISES CONSULTING, INC.,** a Georgia for-profit corporation, and **TERI GALARDI,** an individual.

                                                 /

CASE NO. 14-24602-CV-KING

## **DEFENDANT, TERI GALARDI'S, ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, TERI GALARDI (hereinafter "GALARDI"), by and through undersigned counsel, files this her Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows: [1]

1. GALARDI admits paragraphs 1, 2, 4, and 36 of the Plaintiff's Complaint.

2. GALARDI denies paragraphs 3, 5 through 7 (A and B), 9 through 15, 17 through 23, 25 through 33, 35, 37 through 40, and 42 through 44 of the Plaintiff's Complaint.

3. This Defendant is without knowledge as it relates to the allegations contained in paragraph 8 of the Plaintiff's Complaint and therefore denies same.

4. Paragraph 16 contain no allegations against this Defendant.

5. Paragraphs 24, 34 and 41 contain no allegations which need to be admitted or denied.

---

[1] This Answer and Affirmative Defenses is filed on behalf of GALARDI only. Any admission or denial is on behalf of GALARDI only and does not relate to nor is being filed on behalf of any other named Defendants.

1

6. GALARDI denies all allegations contained in the prayers for relief, including the Paragraphs beginning "Wherefore" and denies Plaintiff is entitled to any relief sought in his complaint as it relates to Counts 1, 2 and 3.

7. Any Paragraph not specifically admitted by GALARDI, herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

At all relevant times, Plaintiff earned more than the federal minimum wage for each hour worked.

### THIRD DEFENSE

At all relevant times, Plaintiff never performed more than 40 hours in any given workweek, and therefore, GALARDI has no overtime wage liability to Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by binding arbitration agreements.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiff cannot establish that any act or omission on the part of GALARDI was willful.

### SEVENTH DEFENSE

To the extent that GALARDI has liability to Plaintiff, she is entitled to certain credits or set-offs from certain house-set service fees, but which Plaintiff was permitted to keep.

## EIGHTH DEFENSE

At all relevant times, GALARDI acted in good faith reliance upon her interpretation of the Fair Labor Standards Act, its administrative regulations and the rulings of the Wage and Hour Administrator.

## NINTH DEFENSE

At all relevant times, GALARDI complied with the applicable requirements of the Fair Labor Standards Act and the regulations promulgated thereunder.

## TENTH DEFENSE

Any proven violation of the Fair Labor Standards Act against GALARDI was not the result of willful, deliberate, intentional acts, or the reckless disregard or indifference for the protections afforded by those Acts.

## ELEVETH DEFENSE

Some or all of the claims asserted in this case are barred by the doctrine of Payment.

## TWELTHY DEFENSE

Plaintiff was not an employee as that term is defined by the Fair Labor Standards Act.

## THIRTEENTH DEFENSE

GALARDI is not the Plaintiff's employer as that term is defined by the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

GALARDI's relationship with Plaintiff was not governed by the Fair Labor Standards Act.

### FIFTEENTH DEFENSE

At all relevant times, Plaintiff was an independent contractor and as such is not governed by the Fair Labor Standards Act.

### SIXTEENTH DEFENSE

Plaintiff is exempt from the Fair Labor Standards Act and the regulations promulgated thereunder because he is a creative/artistic professional.

### SEVENTEENTH DEFENSE

All or part of the time for which Plaintiff seeks compensation does not constitute compensable work time under the Fair Labor Standards Act and the regulations promulgated thereunder.

### EIGHTEENTH DEFENSE

Plaintiff's claims against GALARDI individually are barred because GALARDI is not an "employer" within the meaning of the Fair Labor Standards Act.  Specifically, at all relevant times, GALARDI was not involved in the day-to-day operations as alleged in Plaintiff's Complaint and did not have direct responsibility for supervision of the Plaintiff.

WHEREFORE, GALARDI, demands judgment against the Plaintiff individually for its costs of this action, reasonable attorneys' fees and for such other relief as the Court deems appropriate.  This Defendant further demands a trial by jury of all issues so triable as of right.

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on January 29, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                   **GERALD J. TOBIN, P.A.**
                   2701 S. Bayshore Drive, Suite 602
                   Miami, Florida 33133
                   305-858-9020 Tel
                   305-858-6097 Fax
                   geraldtobinpa@aol.com

                   /s/ HOWARD BRODSKY
                   HOWARD BRODSKY, ESQ.
                     F.B.N 817252

## SERVICE LIST

**PETER BOBER, ESQ.**
Bober & Bober, P.A.
1930 Tyler Street
Hollywood, FL 33020
Tel: 954-922-2298
Fax: 954-922-5455
Email: peter@boberlaw.com
ATTORNEY FOR THE PLAINTIFF


**HOWARD BRODSKY, ESQ.**
Gerald J. Tobin, P.A.
2701 South Bayshore Drive
Suite 602
Miami, FL 33133
Tel: 305-858-9020
Fax: 305-858-6097
Email: geraldtobinpa@aol.com
ATTORNEY FOR DEFENDANT, BELLA MIA, INC.
d/b/a PINK PONY